# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Glenn Morgan,<br><br>  Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>  Respondents. | No. CV-15-01142-PHX-ROS<br><br>**ORDER** |

Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending the Court deny Thomas Glenn Morgan's petition for writ of habeas corpus. (Doc. 29). Morgan filed objections but, having reviewed those objections, the R&R will be adopted and the petition denied.

The amended petition presents three grounds for relief. First, Morgan claims he was denied his right to represent himself at trial pursuant to *Faretta v. California*, 422 U.S. 806 (1975). Second, Morgan claims Arizona law entitles him to an additional 248 days of presentence incarceration credit. And third, Morgan claims he was denied his speedy trial rights under the Sixth Amendment. The R&R addresses each of these grounds in detail and there is no need to recount those details here. Instead, the Court will address Morgan's objections in brief and explain why those objections do not entitle him to relief.

**A. No Violation of *Faretta* Rights**

"Under *Faretta*, a criminal defendant may invoke the right of self-representation

by making an unequivocal request, and knowingly and intelligently waiving the right to counsel." *Woods v. Sinclair*, 764 F.3d 1109, 1121 (9th Cir. 2014).  Morgan claims he made a request to represent himself on June 12, 2012—the morning of trial.  (Doc. 11 at 7).  The state trial court denied that request and the R&R concluded that denial was not "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  (Doc. 29) (quoting 28 U.S.C. § 2254(d)(1)).  Morgan objects to this conclusion, arguing his request to represent himself "was made before a Jury Panel was brought in for jury selection and certainly before a jury was empaneled."  (Doc. 30 at 2).  But the Ninth Circuit has held "a state court's denial of a [*Faretta*] motion made on the morning trial began as untimely was neither contrary to nor an unreasonable application of clearly established federal law." *Stenson v. Lambert*, 504 F.3d 873, 884 (9th Cir. 2007).  *See also Wafer v. Hedgpeth*, 627 F. App'x 586, 587 (9th Cir. 2015) ("The California Court of Appeal's conclusion that Wafer's second *Faretta* request, made on the first day of trial, was untimely was neither contrary to nor an unreasonable application of clearly established federal law.").  That is precisely the situation here.  Therefore, as explained in more detail by the R&R, Morgan's first ground for relief fails.

### B. No Federal Issue Regarding Presentence Incarceration

Morgan's second ground for relief involves an alleged failure to provide him with presentence incarceration credit.  The R&R noted this claim is procedurally defaulted and, regardless, is not cognizable on federal habeas review.  Morgan's objections argue the denial of presentence incarceration was a denial of "Equal Protection under the law." (Doc. 30 at 2).

Setting aside the likely procedural default of this claim, 28 U.S.C. § 2254(b)(2), the issue of presentence incarceration credit is a state-law matter and any alleged error in the interpretation or application of state law cannot serve as a basis for habeas relief. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("We have repeatedly held that federal habeas corpus relief does not lie for errors of state law.").  Morgan cannot convert this state-law

matter into a cognizable federal matter simply by asserting general violations of federal constitutional provisions, such as a denial of equal protection. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). The failure to award appropriate presentence incarceration is a state-law issue that, in the present circumstances, cannot be addressed here.

### C. No Speedy Trial Violation

Morgan's final ground for relief is an alleged violation of his speedy trial rights. Again, it appears this ground is procedurally defaulted but the Court will address the merits. 28 U.S.C. § 2254(b)(2). Speedy trial claims requires consideration of "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The R&R pointed out the vast majority of the delay was due to Morgan's counsel and, even if Morgan could not be held responsible for his own counsel's delay, Morgan has not established how he was prejudiced by the delay. Morgan does not present any objections to this reasoning and, even if he had, the R&R's reasoning is sound. Morgan's third ground fails.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 29) is **ADOPTED** and the Amended Petition for Writ of Habeas Corpus (Doc. 11) is **DENIED**. The Clerk of Court shall enter judgment.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 13th day of January, 2017.

Honorable Roslyn O. Silver